INDIANA DEPARTMENT OF TRANS-PORTATION, DIVISION OF RAILROADS, Defendant–Appellant,

v.

Bruce OVERTON, Plaintiff–Appellee.

No. 14A01–9002–CV–63.

Court of Appeals of Indiana, First District.

June 20, 1990.

Linley E. Pearson, Atty. Gen., Robert K. Robisch, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

David V. Scott, New Albany, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The Indiana Department of Transportation (INDOT) appeals the trial court's entry of summary judgment in Overton's behalf which judgment held certain records kept by INDOT were discoverable by Overton. We affirm.

## FACTS

We adopt INDOT'S statement of the relevant facts as follows:

"The relevant facts in this matter are very few. On May 9, 1986, Brian Overton, son of Bruce Overton—Appellee (Plaintiff below), was killed in a train/car collision at the intersection of the Soo Railway Line and West Street in Odon, Daviess County, Indiana. By letter dated August 5, 1988, counsel for Bruce Overton requested certain records from INDOT pertaining to certain railroad crossings within the State of Indiana. INDOT, by letter dated August 12, 1988, informed counsel for Overton that, pursuant to 23 U.S.C. § 409, it was not permitted to release the documents in question. Overton then filed the lawsuit, which is the basis of this action, in an attempt to compel INDOT to release the records."

Appellant's Brief at 3. (citations to the record omitted.) Both Overton and INDOT filed motions for summary judgment. The trial court granted Overton's motion and ordered INDOT to release the information sought by Overton and allow Overton to inspect and copy the public records requested in his complaint.

## ISSUE

Whether the records sought by Overton from INDOT are privileged documents which are exempt from discovery.

## DISCUSSION AND DECISION

INDOT contends the records requested by Overton are "confidential/privileged" under both statute and common law. Appellant's Brief at 4. INDOT contends the records, therefore, are not discoverable and the trial court erred in ordering INDOT to release them. In their motions for summary judgment, both INDOT and Overton conceded that no issues of material fact existed and that only a question of law was before the court. Applying the law to the undisputed facts, we must determine whether the trial court erred in its application of the law. *Indiana and Michigan Electric Co. v. Terre Haute Industries, Inc.* (1984), Ind.App., 467 N.E.2d 37, 42.

Our legislature has expressed a public policy "that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." IND.CODE § 5-14-3-1; *Pigman v. Evansville Press* (1989), Ind.App., 537 N.E.2d 547, 548, *trans. denied; Evansville Courier v. Prosecutor, Vanderburgh County* (1986), Ind. App., 499 N.E.2d 286, 288, *trans. denied.* The Access to Public Records chapter, Chapter 3, of the Anti–Secrecy Act, IND. CODE § 5-14-3-1 *et seq.*, is to be "liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record ..." IND.CODE § 5-14-3-1. However, certain public records "may not be disclosed by a public agency, unless access to the records is specifically required by a state or federal statute or is ordered by a court under the rules of discovery." IND.CODE § 5-14-3-4(a). "The public agency that is custodian of confidential records is without discretion in the matter of whether to disclose." *Pigman,* 537 N.E.2d at 548.

Subsection 3 of section 4(a) states that those public records "required to be kept confidential by federal law" are among those which a public agency may not disclose. INDOT contends 23 U.S.C. § 409 (1988) is a federal statute requiring INDOT to keep confidential the kind of records requested by Overton.[1] The statute states:

"Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data."

Overton and INDOT agree that the statute prohibits admission of the enumerated documents at trial. However, unlike Overton, INDOT contends the phrase, "considered for other purposes in any action for damages" also prohibits discovery or inspection of the documents. In the only reported case which considers the matter, *Martinolich v. Southern Pacific Transportation Co.* (1988), La.App., 532 So.2d 435, the court held safety reports about railroad crossings were discoverable, under 23 U.S.C. § 409, even though they could not be admitted or considered at trial. The court reasoned that the phrase "considered for other purposes ...," implied a finder of fact, and the court interpreted the phrase to prohibit any other trial use of the enumerated documents. Such trial uses might include references by counsel and use for impeachment purposes. *Id.* at 439. Citing *United States v. Nixon* (1974), 418 U.S.

683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 and noting the fundamental objectives of Louisiana's discovery process, the court stated that "privileges are the exceptions to and in derogation of the system by which we determine the truth, and cannot be lightly created or expansively construed." *Id.* The court concluded that under Louisiana's discovery statute, which was patterned after Rule 26 of the Federal Rules of Civil Procedure, the enumerated documents were not privileged, even though inadmissible, and were discoverable if the party seeking to discover them showed a trial court that the information sought seemed reasonably calculated to lead to discovery of evidence which would be admissible. *Id.* at 439.

We agree with the *Martinolich* court that 23 U.S.C. § 409, although it makes the enumerated documents inadmissible and unavailable for consideration by a factfinder during a trial for damages, does not declare the documents privileged or require that they be kept confidential. Therefore, 23 U.S.C. § 409 is not a federal statute which, pursuant to IND.CODE § 5–14–3–4(a)(3), prohibits INDOT from disclosing such public records as the ones requested by Overton. We emphasize that our holding does not necessarily mean INDOT's records are available for inspection and copying in all cases. A trial court may be asked to decide whether, pursuant to Ind.Trial Rule 26, the information is relevant to the subject matter of an action and appears reasonably calculated to lead to the discovery of evidence, including testimony, which is admissible.

INDOT argues that aside from 23 U.S.C. § 409, INDOT holds a common law privilege which "arises out of the necessity created by Indiana's Public Records Law, IC 5–14–3." Appellant's Brief at 8. INDOT states, "[T]he records sought by Overton are privileged. The basis of this assertion is that the records have been so classified by federal statute." Appellant's

---

**1.** We note with disapproval INDOT's citation of several trial court decisions involving 23 U.S.C. § 409. Such authority is not persuasive and, of course, has no precedential effect. In addition,

INDOT's citation of a federal case without mention of the reporter within which the case may be located is noted with disapproval.

Brief at 9–10.  INDOT is in essence relying upon the same state and federal statutes upon which it relied in making the argument that a statutory privilege exists.  We have rejected that argument in our discussion above.[2]

INDOT has not met its heavy burden of showing the documents requested by Overton are confidential.  We affirm the trial court's entry of summary judgment against INDOT and the trial court's order requiring INDOT to produce the requested documents.

Affirmed.

BAKER and MILLER, JJ., concur.

---

2. INDOT also cites *Murphy v. Department of Army,* 613 F.2d 1151 (D.C.Cir.1979) and *Sterling Drug, Inc. v. Harris,* 488 F.Supp. 1019 (S.D.N.Y. 1980) as support for a common law privilege protecting the intra-agency deliberative process used to formulate agency policy.  Both cases rely exclusively on statutory authority: 5 U.S.C. § 552(b)(5), which is part of the Freedom of Information Act.