Darrell S. CLASPILL, Appellant,

v.

MISSOURI PACIFIC RAILROAD
COMPANY, Respondent.

No. 72264.

Supreme Court of Missouri,
En Banc.

July 31, 1990.

J. Michael Cronan, Kansas City, for appellant.

Jay M. Nadlman, North Kansas City, for respondent.

HIGGINS, Judge.

Darrell Claspill appeals from an adverse jury verdict and judgment in a Federal Employers' Liability Act personal injury action. The question is whether 23 U.S.C. § 409 (1988) prohibits admission in evidence of certain documents created before its effective date, April 2, 1987, and if so, whether it violates the tenth amendment to the United States Constitution. Affirmed.

Darrell Claspill was Missouri Pacific's engineer at the time of three railroad grade crossing collisions that occurred over a three-month period in 1986 in Barton County and at Adrian and Butler, Missouri. Claspill brought negligence claims against Missouri Pacific under the Federal Employers' Liability Act and against the driver in one collision and the two other drivers' estates, alleging the collisions had induced a post-traumatic stress disorder. He settled the claims against all defendants except Missouri Pacific before trial and abandoned the claim arising out of the Barton County collision at trial. The Adrian and Butler negligence claims alleged the Railroad should have imposed a reduced speed limit through both cities, installed flashing lights at both crossings as well as a crossing gate and ringing bell at Butler, and cleared off vegetation on the right-of-way at Adrian. The jury found no negligence on the part of either party.

Before trial, the Railroad filed a motion *in limine* to exclude testimony of Leroy Meisel and two of plaintiff's exhibits concerning dangerous conditions at the Adrian crossing. The court sustained the motion under 23 U.S.C. § 409. The exhibits were a list of the most dangerous railroad crossings in Missouri and a Field Inspection Form proposing the addition of flashing

signal lights at the Adrian crossing, compiled by the Public Service Commission and the Highway and Transportation Department. The excluded testimony of Mr. Meisel identified and explained the exhibits and stated the list of the most dangerous crossings was a priority listing for the use of federal funds. Claspill argues the trial court erred in excluding the evidence because it was relevant to the issue of liability; the statute should not have been applied retroactively to documents created prior to the effective date of the statute; and the statute should not have been applied to Leroy Meisel's testimony. He also argues that application of the federal statute in a state court works a violation of the tenth amendment of the United States Constitution and that retroactive application of the statute is contrary to Congress' intent in enacting it.

23 U.S.C. § 409 provides:

Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144 and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

■ In Missouri, a statute dealing with procedure only is applicable to all pending cases (cases not yet reduced to a final judgment). *State ex rel. Faith Hospital v. Enright,* 706 S.W.2d 852 (Mo. banc 1986). *Enright* considered the retrospective application of a Missouri statute excluding from discovery proceedings the findings of peer review committees concerning health care provided to patients and held it was applicable retrospectively. In *O'Bryan v. Allen,* 108 Mo. 227, 18 S.W.

892 (1891), this Court held it was error to allow certain witnesses to testify because an amendment to the Dead Man's Statute should have been applied retrospectively. *O'Bryan* stated, 18 S.W. at 893: "Laws which change the rules of evidence relate to the remedy only, may be applied to existing causes of action, and are not precluded from such application by the constitutional provision," *i.e.,* the rule against ex post facto laws. *See also State v. Clark,* 756 S.W.2d 565, 570 (Mo.App.1988).

In *Martinolich v. Southern Pacific Transp. Co.,* 532 So.2d 435 (La.App.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3164, 104 L.Ed.2d 1027 (1989), the Department of Transportation and Development attempted to block discovery of priority lists created in 1979 and 1980 in a suit over an accident occurring in 1980. The trial court ruled the information was privileged under section 409, and the railroad appealed; the Louisiana court ruled that section 409 should be applied retrospectively, relying on *Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

The plain language of section 409 provides that certain information shall not be admitted into evidence if it was compiled "for the purpose of developing any highway safety construction improvement project which may be implemented utilizing federal-aid highway funds." In this case, the grade crossing surveys and lists were created before the enactment of this legislation in order to obtain federal funds. In the absence of specific congressional direction to the contrary, section 409 is subject to retroactive application.

■ Appellant contends that an application of this statute to actions filed in state court, particularly where the statute is construed to affect only procedural rights, violates the tenth amendment to the United States Constitution, which reserves all power not conferred to the federal government to the states. The tenth amendment, he argues, should be held to prohibit legislation that affects only state court procedure. He raises the specter of the federal government dictating such matters of judicial procedure as the number of jurors who may return a verdict in civil litigation and

whether peremptory strikes of prospective jurors are allowed.

In *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the United States Supreme Court delineated Congress' authority to regulate the states under the tenth amendment and the commerce clause, U.S. Const., art. I, § 8, cl. 3. The Court stated at 554, 105 S.Ct. at 1019:

> [W]e are convinced that the fundamental limitation that the constitutional scheme imposes on the Commerce Clause to protect the "States as States" is one of process rather than one of result. Any substantive restraint on the exercise of Commerce Clause powers must find its justification in the procedural nature of this basic limitation, and it must be tailored to compensate for possible failings in the national political process rather than to dictate a "sacred province of state autonomy."

Thus, the states must depend on the national political process for their tenth amendment protections and are not to create "judicially defined spheres of unregulable state activity." *South Carolina v. Baker*, 485 U.S. 505, 108 S.Ct. 1355, 1360, 99 L.Ed.2d 592 (1988). In the instant case, there is no argument that Missouri has been deprived of any right to participate in the national political process, *see id.*, 108 S.Ct. at 1361. Appellant's tenth amendment argument fails.

Appellant argues that because in certain criminal cases some evidentiary rules are given prospective application for constitutional and fairness reasons this Court should interpret 23 U.S.C. § 409 to apply prospectively only. Appellant provides no authority for the application of the criminal cases cited to this civil case.

The judgment is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and HOLSTEIN, JJ., and PARRISH, Special Judge, concur.

BILLINGS, J., not sitting.