OPINION OF THE COURT
Edwin Margolis, J.
Claimants’ motion for an order to compel the production of certain documents raises the issue of the scope of 23 USC § 409 in protecting records and data compiled for the purpose of safety planning on State highways. Section 409 reads as follows: "Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying!;,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such *77 reports, surveys, schedules, lists, or data.”[1] Several of the documents sought by claimants clearly fall within the scope of this statute, and the parties agree that they could not be introduced into evidence in the trial of this action. The parties disagree, however, about whether the statute protects such documents from pretrial discovery.
This action arises from an automobile accident which occurred on December 20, 1987 on State Route 28 in Ulster County. The car in which claimant Donna Light and claimants’ decedents Lori Light and Robert D. Oberkirch were riding was, according to the allegations of the claim, struck head-on by another vehicle which "was caused to go out of control, and cross into the lane” of claimants’ automobile. The claim alleges that the second vehicle went out of control after it skidded on the icy roadway and asserts that the accident was caused by the State’s negligence in failing to install a median barrier at a critical point of State Route 28. According to the claim, this section of roadway had an unusually high accident rate arising from numerous incidents of high speed, a higher than average volume of traffic, a known drainage problem, and an average temperature that was 5 to 8 degrees lower than on adjoining portions of the road. Approximately five years before this accident, the State installed median barriers on locations immediately to the west and east of the accident site, and claimants seek to prove that the State was negligent in failing to place barriers at the location in question.
In their demand for discovery and inspection, claimants seek a summary printout of the Department of Transportation’s (DOT’s) accident records (demand No. 11) and the "High Accident Locator” for the relevant portion of Route 28 (demand No. 16), as well as documents "recording the Statewide accident rates for four lane undivided highways” (demand No. 17). To each of these demands, defendant has objected to production of the records on the ground that they are protected by 23 USC § 409.
Whether section 409 protects the records described therein from pretrial discovery as well as from use as exhibits at trial is a question of first impression in this State and has been considered in only a few other States, so far as we are able to *78 determine. In Martinolich v Southern Pac. Transp. Co. (532 So 2d 435, writ denied 535 So 2d 745, cert denied sub nom. Louisiana Dept. of Transp. & Dev. v Martinolich, 490 US 1109), the Louisiana Court of Appeals, First Circuit, found the statute to be constitutional, holding that the Federal Government’s intrusion into the State’s power to regulate its courts was permissible because Louisiana voluntarily participated in the Federally funded scheme for improving State highways and because the intrusion is related to a valid Federal interest[2] (supra, at 438). The court also held that, under the laws of Louisiana, the reports, surveys, schedules, lists and data referred to in the statute are discoverable prior to trial, as long as there is a showing that they appear "reasonably calculated to lead to the discovery of admissible evidence” and are not otherwise privileged (supra, at 439, n 6). In addressing the State’s argument that the phrase "or considered for other purposes” encompasses discovery, the court found that those words were intended merely to prohibit any type of trial use of the described documents, such as for purposes of impeachment.
In a subsequent case, Indiana Dept. of Transp. v Overton (555 NE2d 510), the Martinolich holding with respect to the discoverability of records protected by section 409 was adopted by the First District Court of Appeals for the State of Indiana. The Indiana court’s ruling was based on a challenge by State officials which relied on an Indiana law making records "required to be confidential by federal law” immune from discovery. In holding that 23 USC § 409 "does not declare the documents privileged or require that they be kept confidential” (Indiana Dept. of Transp. v Overton, supra, at 512), the court cautioned that such records are not automatically available for discovery in all cases. "A trial court may be asked to decide whether, pursuant to Ind. Trial Rule 26, the information is relevant to the subject matter of an action and appears reasonably calculated to lead to the discovery of evidence, including testimony, which is admissible.” (Indiana Dept. of Transp. v Overton, supra, at 512.)
New York’s rules of discovery are virtually identical to *79 those of Louisiana and, apparently, to those of Indiana; discovery of inadmissible material is allowed when such material is relevant to the issues in dispute and will reasonably lead to the discovery of admissible material. (Dattmore v Eagan Real Estate, 112 AD2d 800, and cases cited therein.) Nevertheless, since the rulings of other jurisdictions are not binding on New York’s courts, counsel for defendant urges this court to accept a broader construction of the phrase "or considered for other purposes” — one which would preclude any use of such documents in Federal or State actions of the type described. There is facial merit to defendant’s argument, which is summarized by counsel as follows: "[I]f one accepts the proposition that the purpose of 409 was to prevent the force of federal funding from altering the balance between litigants by providing at no cost to claimant’s bar a library of research and statistical resources to aid the cause of their litigation, then one must see the holding in Martinolich as being inconsistent with that purpose * * *. The disclosure of 409 materials is merely the first step in a backdoor process that leads to the de facto admission in sum or substance in one form or another of the information in question.”
23 USC § 409 was enacted into law as part of the Surface Transportation and Uniform Relocation Assistance Act of 1987 (Pub L 100-17), which reauthorized funds originally provided for a number of Federal aid highway categories by legislation enacted in January 1983. Section 409 was added by a Senate amendment, and no record of discussion or comments as to the specific legislative purpose of this amendment is included in the House Conference Report summarizing the measure (HR Conf Rep No. 100-27, reprinted in 1987 US Code Cong & Admin News 66, 156-157). The Utah Court of Appeals has concluded that one can glean from the sparse discussion contained in that report that the purpose of section 409 was to "facilitate candor in administrative evaluations of highway safety hazards” (Duncan v Union Pac. R. R. Co., 790 P2d 595, 597). We see no reason to disagree with this statement of purpose, and believe that the goal of assuring candor is not necessarily synonymous with an intent to deprive the plaintiffs’ bar of all access to relevant highway safety information. In fact, the Utah court effectively limited the possibility that discovery of protected documents will lead to the admission of otherwise inadmissible material by ruling that the protection given by section 409 prohibits admission of an opinion affida *80 vit which is based in large part on data drawn from protected documents.
In our view, the purpose of the statutory protection was merely to keep the record keeping required by Federal funding provisions from providing an additional, virtually no-work tool for direct use in private litigation. The statute expressly makes the "reports, surveys, schedules, lists, or data” compiled inadmissible as evidence (23 USC § 409); it does not, expressly or by implication, make the information contained in such reports confidential. Accordingly, we follow the reasoning of the courts of Louisiana and Indiana and hold that, as it interacts with the law governing discovery in New York, 23 USC § 409 does not prohibit discovery of the reports and other documents that the statute makes inadmissible as evidence. We also hold that the documents which claimants seek —a printout of DOT accident records, the "High Accident Locator” for the relevant portion of Route 28, and the Statewide accident rates for four-lane highways — are relevant to the issues in dispute and reasonably calculated to lead to the discovery of admissible material in this action.
Claimants also seek discovery of the project initiation requests (demand No. 12 [b]) and the "design file” (demand No. 14 [b]) for a project currently being undertaken to install median barriers on that portion of Route 28 where the accident occurred. Defendant objects to these demands on the ground that the records sought relate to postaccident events. While acknowledging — again—that such information would not be admissible at trial, counsel for claimants urges that, like the 23 USC § 409 material, these documents are reasonably calculated to lead to discovery of admissible material. Specifically, claimants seek to obtain materials compiled by DOT prior to the accident which may be included in or referred to in the documents of the current project; reference is made to several newspaper articles which refer to studies that were underway prior to March 1988. We are not persuaded, however, that it is necessary, efficient or even productive to obtain such information through review of the much-later design file or project initiation request. Examinations before trial of DOT officials would more directly produce information about any preaccident studies that were conducted. There has been no showing that the documentation of the current reconstruction project is a unique or even particularly useful source of information that would lead to the discovery of admissible material.
*81 With respect to claimants’ demand for the project initiation request and design file for the earlier project which resulted in construction of median barriers on the sections of road adjacent to the accident site but not on the 1.3-mile stretch which encompasses the accident site, there is no such objection to discovery. This project was finalized approximately two years prior to the accident and resulted in the condition of the road (i.e., the absence of a median barrier on the center stretch) on which claimants’ theory of liability rests. We reject defendant’s argument that the request is too broad and seeks information about planning for totally separate locations on the highway. The accident occurred at a point .7 of a mile from the end of one median barrier and .6 of a mile from the end of the other; while there will be some differences in terrain in even so short a stretch, these portions of the road are not so distant as to be unrelated. Since claimants assert that the State’s planning decisions were at fault in this earlier reconstruction, they are entitled to information about those planning decisions.
Claimants’ motion is granted with respect to the demands contained in demands No. 11, 12 (a), 14 (a), 16 and 17 and denied with respect to the demands contained in demands No. 12 (b) and 14 (b).

. 23 USC § 130 relates to Federal funding of railroad crossing projects, 23 USC § 144 relates to funding for highway bridges, and 23 USC § 152 relates to public road improvement projects.

. The court in Martinolich also ruled that 23 USC § 409 was to be applied retroactively. This aspect of the ruling was followed by the courts of Missouri, and the statute’s constitutionality was upheld against a challenge based on the Tenth Amendment, in Claspill v Missouri Pac. R. R. Co. (793 SW2d 139 [Sup Ct, Mo] [en banc]). The decision in Claspill did not address the issue of whether documents protected by 23 USC § 409 may be discovered prior to trial.