**Patrick HAGERTY, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant.**

No. 89–0826–C–5.

United States District Court, E.D. Missouri, E.D.

Nov. 1, 1990.

Sandra Korein, Roger C. Denton, Carr, Korein, Schlichter, Tillery, Kunin & Montroy, St. Louis, Mo., for plaintiff

Albert E. Schoenbeck, Schoenbeck, Schoenbeck & Assoc., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

Plaintiff's cause of action arose from a collision between an automobile and a train in which plaintiff sustained serious head injuries. The collision occurred on September 13, 1987 at a railroad crossing in Mt. Carmel, Illinois ("Mt. Carmel crossing").

In addition to other claims of negligence, plaintiff alleges that defendant failed to install proper safety devices (i.e., lights and gates) at the Mt. Carmel crossing. This cause is before the Court on defendant's motion to quash and plaintiff's motion for sanctions.

■ The motions of both parties arise out of a discovery dispute. On October 22, 1990 plaintiff filed with this Court two notices of deposition to take the depositions of D.W. Dodson and F.H. McIntyre. Mr. Dodson and Mr. McIntyre are supervising employees of defendant whose work is related to the reconstruction of existing railroad crossings and the installation of protective devices at railway-highway crossings. Plaintiff also requested defendant to produce the following documents:

> Any and all letters, correspondence, or internal memoranda relating to proposed, considered, or undertaken improvements, changes, or modifications to a railroad grade crossing at Fourth Street in Mt. Carmel, Illinois, during the years 1984 through 1989.

Defendant seeks to quash the subpoenas served on Mr. Dodson and Mr. McIntyre.[1] Defendant asserts that the information sought by plaintiff is protected from discovery under 23 U.S.C. § 409, which provides, in relevant part:

> Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous railroad conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 ... shall not be admitted into evidence in Federal or State court or *considered for other purpose* in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.[2]

23 U.S.C. § 409. Surface Transportation and Uniform Relocation Assistance Act of 1987, Pub.L. No. 100–17, § 132, 101 Stat. 132, 170 (1987) (Emphasis added).

The parties dispute whether the information sought by plaintiff is discoverable despite its lack of admissibility. Section 409 states that reports, surveys, schedules, lists, or data shall not be admitted into evidence or considered for other purpose in any action for damages. The question is whether the phrase "or considered for other purposes" prevents such information from being discovered as well as from being admitted into evidence.

Plaintiff relies in part on the authority of *Claspill v. Missouri Pacific Railroad Company*, 793 S.W.2d 139 (Mo.1990), a recent case which holds that § 409 is to be applied retroactively. The decision in *Claspill*, however, does not address the issue of whether documents protected by § 409 may be discovered prior to trial. The Court has reviewed the authority which does address the issue at hand and concludes that the weight of authority favors discoverability. In *Light v. The State of New York*, 560 N.Y.S.2d 962 (Ct.Cl.1990), the Court stated:

> [T]he purpose of the statutory protection was merely to keep the record-keeping required by Federal funding provisions from providing an additional, virtually no-work, tool for direct use in private litigation. The statute expressly makes the "reports, surveys, schedules, lists, or data compiled" inadmissible as evidence; it does not, expressly or by implication, make the information contained in such reports confidential. Accordingly,... 23 U.S.C. § 409 does not prohibit discovery of the reports and other documents that the statute makes inadmissible as evidence.

At 965. *See also Indiana DOT, Div. of Railroads v. Overton*, 555 N.E.2d 510 (Ind. App.1990) (Title 23 U.S.C. § 409 does not

---

**1.** Plaintiff served upon defendant two notices to take depositions, not two subpoenas. Therefore, the Court construes defendant's motion as one to quash plaintiff's notices.

**2.** Section 130 of Title 23 relates to Federal funding of railroad crossing projects, section 144 relates to funding for highway bridges, and section 125 relates to public road improvement projects.

**36**

declare the documents privileged or require that they be kept confidential.); *Martinolich v. Southern Pacific Transportation Company,* 532 So.2d 435 (La.App.1988) (The phrase "considered for other purposes" was meant to include any other trial use of the enumerated documents. Although the documents may not be referred to by counsel during trial, or used for impeachment purposes, the documents are "discoverable").

Because the documents are inadmissible by operation of 23 U.S.C. § 409, it is incumbent upon the plaintiff to show that the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The information sought by plaintiff is directly relevant to whether the Mt. Carmel crossing was a hazardous place for a vehicle to cross railroad tracks. Although the information sought is inadmissible, it is highly likely to lead to admissible evidence. Therefore, defendant's motion to quash the subpoenas is denied.

■ Plaintiff filed a motion for sanctions which is based on defendants' refusal to produce the witnesses or documents noticed. In this matter defendant did not behave egregiously by filing a motion to quash rather than producing the witnesses and documents noticed. Although the weight of authority interpreting 23 U.S.C. § 409 favors discoverability, the issue of discoverability vs. confidentiality is far from being settled. Most courts, including those in the Eighth Circuit, have yet to address the issue in a published decision. Therefore, plaintiff's motion for sanctions is denied.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to quash is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions is DENIED.