with prejudice.[6]

Odis ROBERTSON; Donna Williams, Individually and as Parent and Next Friend of Odis Robertson, Jr., a minor; People's Bank & Trust, Guardian of the estate of Odis Robertson, Jr., Appellants,

v.

UNION PACIFIC RAILROAD COMPANY, Appellee.

No. 91–1376.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1991.

Decided Jan. 27, 1992.

---

James G. Schulze, Little Rock, Ark., argued, for appellant.

John Denny Watson, Little Rock, Ark., argued, for appellee.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

ROSS, Senior Circuit Judge.

Odis Robertson, Jr.'s guardian and mother appeal the district court's[1] entry of judgment in favor of the Union Pacific Railroad Company (railroad) following a jury verdict in this negligence action. Appellants claim that the district court erred in excluding certain evidence related to the hazardousness of the railroad crossing in question. We affirm.

On March 26, 1988, Odis Robertson, Jr., then 16 years old, was severely injured when the vehicle he was driving was struck by a train at the El Paso Crossing in Russellville, Arkansas. Shortly before the accident, Robertson had been observed racing his car without headlights and squealing its tires in a nearby parking lot, accompanied by three fifteen-year-old friends. Robertson sustained serious injuries and one of his passengers was killed in the accident.

Robertson's guardian and mother brought this action against Union Pacific Railroad, alleging that the railroad crossing was abnormally hazardous and that the flashing lights at the crossing were not properly functioning at the time of the accident. Robertson was unable to testify about the facts of the accident because of memory loss. The two surviving passengers testified that they did not see lights flashing at the crossing just prior to the accident; the evidence indicated, however, that they probably were not looking at the crossing lights at that moment in time. There was also evidence that the crossing lights were flashing immediately after the accident.

At trial, the district court excluded the following evidence pursuant to 23 U.S.C. § 409:

(1) a newspaper article published October 16, 1984, which identified the El Paso Crossing as the most hazardous railroad crossing in the state;

(2) the formula used by the Arkansas Highway Department for evaluating the hazardousness of crossings; and

(3) the Arkansas Highway Department's automobile count at El Paso Crossing.

Under section 409, the district court also instructed appellants' expert witness to disregard any information gathered by the Arkansas Highway Department (AHD) in formulating his opinion. Lastly, the district court excluded evidence proffered by appellants of two subsequent incidents, one reported by a local police officer and the other by the Mayor of Russellville, Arkansas, suggesting that the flashing lights at El Paso Crossing were not working properly.

On appeal, appellants assert that the district court's exclusion of the evidence enumerated above was an abuse of discretion and unfairly prejudicial to their case.[2]

In reviewing this matter, we are mindful that the district court has broad discretion in determining whether to admit or to exclude evidence, and that evidentiary rulings will be overturned only if there is an abuse of discretion. *Nat'l Transp., Inc. v. Inn Foods, Inc.*, 827 F.2d 351, 355 (8th Cir.1987).

Appellants claim that the district court abused its discretion by excluding the evidence enumerated above pursuant to 23 U.S.C. § 409. They also claim that the district court erred in instructing appellants' expert witness not to consider any of

---

1. The Honorable George Howard, Jr., United States District Court Judge for the Eastern District of Arkansas.

2. The jury specifically found that Robertson's negligence outweighed the railroad's negligence by only two percentage points. Based upon the jury's assignment of negligence, the district court was required, under Arkansas' comparative fault statute, to enter judgment in favor of the railroad.

the data compiled by the AHD for federally funded projects in formulating his opinion.

23 U.S.C. § 409 provides:

Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

The plain language of the statute excludes from evidence all data compiled for purposes of highway and railroad crossing safety enhancement and construction for which a state receives federal funding. Other courts have recognized that the underlying intent of the statute is to "facilitate candor in administrative evaluations of highway safety hazards," *Duncan v. Union Pacific R.R. Co.*, 790 P.2d 595 (Utah Ct.App.1990), *quoted in Taylor v. St. Louis Southwestern Ry. Co.*, 746 F.Supp. 50, 54 (D.Kan.1990), and to prohibit federally required record-keeping from being used as a "tool ... in private litigation." *Light v. State*, 149 Misc.2d 75, 560 N.Y.S.2d 962, 965 (N.Y.Ct.Cl.1990).

Having reviewed the record, we find no abuse of discretion in the district court's exclusion of the newspaper article or the AHD's railroad crossing hazardousness formula and automobile count. Both the formula and automobile count were compiled and utilized by the AHD pursuant to 23 U.S.C. § 130(d) for purposes of monitoring and improving highway railroad crossing safety.[3]

With regard to the newspaper article, appellants proffered it at trial to show notice to the railroad of the hazardousness of El Paso Crossing. The newspaper article was written using data compiled by the AHD. The railroad asserts that the district court properly excluded the newspaper article from evidence, because "[t]o allow the introduction of the data through the newspaper article would circumvent the purpose of the statute." We agree. Appellants are not entitled to introduce evidence of otherwise inadmissible data simply because it is reported by an indirect, secondary source. 23 U.S.C. § 409 provides a fairly broad exclusion: "reports, surveys, schedules, lists, [and] data" compiled for safety enhancement purposes. We are confident that the district court did not give an overly broad interpretation to the statute, and therefore affirm the district court's exclusion of this piece of evidence.

█ We also conclude that the district court did not abuse its discretion by instructing appellants' expert witness, pursuant to 23 U.S.C. § 409, to disregard information compiled or utilized by the AHD in formulating his opinion. Although Fed. R.Evid. 703 generally provides that an expert may rely on evidence that is not admissible, 23 U.S.C. § 409 governs this situation, stating that "[n]otwithstanding any other provision of law," this kind of evidence is inadmissible in court and shall not be "considered for other purposes in any action for damages...." We also believe that appellants suffered no prejudice by the district court's ruling, because the expert witness was able to form an opinion and testify in court, without relying upon any data provided by the AHD. He was able to do so based upon his own observations of the accident site and information he had collected from the Federal Railroad Administration. Therefore, we affirm the district court's limitation of the expert's testimony.

---

3. Appellants' assertion that the formula and automobile count were admissible because such information was not collected or utilized solely for federal funding projects is without merit.

Although such information was available for other uses and purposes, the statute's mandatory language requires exclusion of such evidence at trial. 23 U.S.C. § 409.

Appellants also claim that the district court abused its discretion by excluding evidence that the flashing lights at El Paso Crossing failed on two separate occasions following Odis Robertson's accident. We have carefully reviewed the record and conclude that appellants' proffered evidence of subsequent incidents was irrelevant to the accident in question. *See* Fed. R.Evid. 402. The district court acted well within its discretion in excluding such evidence.

Accordingly, we affirm the district court's entry of judgment for the appellee.