STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-723


BETTY JEAN HARGROVE, ET AL.

VERSUS

MISSOURI PACIFIC RAILROAD CO., ET AL.


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-129-97
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

AFFIRMED.

**Elizabeth Sheridan Hardy**
**Thomas & Hardy**
**2380 Lake St.**
**Lake Charles, LA 70601**
**(337) 433-4903**
**Counsel for Plaintiff/Appellant:**
**Betty Jean Hargrove**

**Sera Hearn Russell III**
**Attorney at Law**
**P. O. Box 53866**
**Lafayette, LA 70505-3866**
**(337) 237-7171**
**Counsel for Appellee:**
**Ricky Haley**

**John Edmund McElligott, Jr.**
**Davidson, Meaux, Sonnier & McElligott**
**P. O. Box 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**Counsel for Defendant/Appellee:**
**Southern Pacific Transportation Co.**
**Tommy Comeaux**
**Union Pacific Railroad Company**
**Missouri Pacific Railroad Co.**

**Thomas Joseph Solari**
**Woodley, Williams, Boudreau**
**P. O. Box 3731**
**Lake Charles, LA 70602-3731**
**(337) 433-6328**
**Counsel for Defendant/Appellee:**
**Progressive Security Insurance Co.**

**LaVon Denise Raymond**
**Bureau of Legal Services**
**P. O. Box 3836**
**Baton Rouge, LA 70821-3836**
**(225) 342-3425**
**Counsel for Defendant/Appellee:**
**State of Louisiana, Department of Health & Hospitals**

**Thomas E. Townsley**
**Attorney at Law**
**711 Pujo Street**
**Lake Charles, LA 70601**
**(337) 430-0994**
**Counsel for Plaintiff/Appellant:**
**Betty Jean Hargrove**

Hargrove v. Missouri Pacific R. Co., 871 So.2d 349, 2004-0187 (La. 3/26/04) (La. Mar 26, 2004) (NO. 2004-C-0187)

**SAUNDERS, Judge.**

This litigation arises out of an accident wherein an automobile was struck by a train at a crossing in Jennings, Louisiana. Defendant, Union Pacific, argued that plaintiffs' claim for inadequate signage was preempted by federal law. The trial court ruled in defendant's favor finding that the requirements for preemption were established. Plaintiffs then appealed that judgment. We affirm the ruling of the trial court.

**FACTS AND PROCEDURAL HISTORY**

This is the second time this matter has come before this court. The litigation arises out of an automobile accident wherein a vehicle driven by Ricky J. Haley was struck by a Union Pacific train at the Cary Avenue crossing in Jennings, Louisiana. Betty Jean Hargrove, individually and as natural tutrix of Jessica Banks, who were passengers in the Haley vehicle, filed suit for personal injuries against both Haley and Union Pacific. One of their claims is that the warning devices at the crossing were inadequate and that Union Pacific should be held liable. Union Pacific countered that the crossing warnings and signage were installed pursuant to a federally-funded project and, therefore, any state law claims that the plaintiffs have with respect to inadequate warning devices at the crossing are preempted by federal law. Union Pacific filed a motion for partial summary judgment and motion in *limine* requesting that the trial court dismiss the plaintiffs' claims regarding inadequate railroad crossing signals and that the plaintiffs be precluded from addressing any issues with respect to the crossing signals at trial.

The trial court concluded that the project to install the advance warning signs at the Cary Avenue railroad crossing used federal funds and, therefore, any state claims against the railroad with respect to the inadequacy of the signage were

preempted by federal law. Accordingly, the trial court granted Union Pacific's motions for summary judgment. The plaintiffs then appealed. We reversed the summary judgment finding questions of fact regarding the use of federal funds for the warning devices at the Cary crossing, affirmed the trial court judgment on the use of documents relating to highway safety information pursuant to 23 U.S.C. § 409 and remanded for trial on the merits. *Hargrove v. Missouri Pacific R.R. Co.*, 03-818 (La.App. 3 cir. 12/17/03), 861 So.2d 903.

On remand, Union Pacific moved for an evidentiary hearing on the preemption issue asserting that new evidence had surfaced which demonstrated the use of federal funds previously questioned by this court. A hearing on the contradictory motion was held on January 18, 2005. Finding that Union Pacific introduced sufficient evidence of the use of federal funds, the trial court ruled in its favor determining that plaintiffs' claims against Union Pacific were preempted. Plaintiffs filed this appeal on April 26, 2005.

**ASSIGNMENTS OF ERROR**

1) The district court utilized an incorrect analysis of facts and incorrect burden of proof.

2) The district court deprived plaintiffs of their right to trial by jury.

3) The district court utilized privileged/inadmissible evidence.

4) The district court improperly excluded relevant and admissible evidence.

**STANDARD OF REVIEW**

A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La. 1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the

2

jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La. 1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

**ASSIGNMENT OF ERROR NUMBER ONE**

In this assignment, plaintiffs argue that the trial court improperly analyzed the facts under an incorrect burden of proof. We will first address the burden of proof. Plaintiffs argue that the trial court granted a partial summary judgment on the preemption issue without utilizing the absence of genuine issues of material fact standard required by that procedure. We disagree. The judgment complained of by plaintiffs was granted on a motion for an evidentiary hearing. The fact that the ultimate result of that judgment in this matter is similar in effect to the granting of a partial summary judgment does not transform an evidentiary hearing into a summary judgment proceeding nor does it necessitate utilization of the higher burden required for summary judgment.

In *Furlough v. Union Pac. R.R. Co.*, 33,658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, *writ denied*, 00-2929 (La. 1/12/01), 781 So.2d 556, a situation similar to this one was presented to the Second Circuit. In that case, defendant's motion for summary judgment was denied. Subsequently, defendant filed a motion in limine which was granted excluding evidence relating to inadequate warnings because the trial court determined that claim was preempted by federal law. The second circuit did not conduct a de novo review, as required when reviewing rulings on motions for summary judgment, and upheld the trial court's ruling finding that granting the

3

motion was within the trial court's wide discretion. Likewise, we find that the trial court did not err by employing a lesser burden than that required for summary judgment because this was not a summary judgment procedure. Rather, it was a valid exercise of discretion regarding evidentiary issues. Plaintiffs further argue that the evidence was insufficient to invoke preemption under any applicable burden. Under the standard of review set forth above, we disagree for the following reasons.

Plaintiffs first argue that Union Pacific failed to establish exactly what warning devices were installed at the crossing. They rely on the testimony of Lester LeBlanc, a District Construction Engineer in DOTD's District 7 office who was employed as a Resident Construction Engineer in the same office in 1980, to support their argument. Specifically, plaintiffs argue that Mr. LeBlanc cannot recollect exactly what warnings were placed at the crossing twenty-five years ago. He testified that advance warning signs may have been placed at the crossing on April 4, 1980 and plaintiffs contend that this assumption is contradicted by the documentary evidence.

The threshold issue here is not exactly what date the warnings were installed, but rather, were they installed prior to the 1996 accident. We do not attach significance to the fact the Mr. LeBlanc cannot recollect an event that happened twenty-five years ago in the routine course of his employment because the documentary evidence supports the trial court's conclusion. Based upon our understanding of the Field Book for the Cary Avenue crossing project, it appears as though two advance warning signs were installed at the crossing prior to September 26, 1996. Specifically, it appears that the signs were installed on May 6, 1980. Accordingly, we cannot say that the trial court was manifestly erroneous in reaching the same conclusion.

4

The second area in which plaintiffs challenge the sufficiency of the evidence pertains to federal funding and approval. They argue that the testimony of Union Pacific's two witnesses on these issues, as well as the documentary evidence admitted in association therewith, are insufficient to satisfy any applicable burden of proof on the preemption issue. Specifically, plaintiffs attempt to show that the testimony of Seve Serna, a construction and maintenance engineer with the FHWA in the late 1970's and early 1980's when the project at the Cary crossing was being performed, shows that the Cary Avenue crossing project was not federally funded or approved. Mr. Serna testified that the Cary Avenue crossing project was not assigned a federal aid construction project number. Plaintiffs contend that this fact demonstrates a lack of federal funding and approval because all federal aid construction projects are assigned a project number. They further argue that the testimony of William Shrewsberry, a highway rail safety engineer with the DOTD, was improper because he had no personal knowledge of the Cary Avenue crossing project while it was ongoing. According to plaintiffs, this purported lack of personal knowledge renders Mr. Shrewsberry's testimony inadmissible. We disagree.

First, Mr. Serna did testify that the Cary Avenue crossing project was not assigned a federal aid construction project number. We, however, do not attach the same significance to this fact as plaintiffs. We have already found that two advance warning signs were apparently placed at the Cary Avenue crossing on May 6, 1980. The remaining issues to be decided, therefore, are whether federal funds were expended on this project and whether it had federal approval. We find that Mr. Serna's testimony indicates only that the Cary Avenue crossing project may not have been a federal aid construction project. It does not mean that federal funds were not

5

used or that the project was not federally approved. In addition to his testimony regarding a project number, Mr. Serna also testified that federal funds were used on the project and that the project was subject to FHWA guidelines. Specifically regarding the use of federal funds, Mr. Serna stated that "we had federal funds . . . a slice of pie towards this type of project . . ." He further testified that, in his capacity as a representative for the FHWA, he performed a final inspection of the project to insure its compliance with relevant guidelines.

Next, we address the testimony of Mr. Shrewsberry. Plaintiffs argue that, because he was in college when the Cary Avenue crossing project was performed, he lacks the personal knowledge required for his testimony to be credible. We disagree. The trial court concluded that the nature of Mr. Shrewsberry's employment by the DOTD requires that he be intimately familiar with the DOTD policies and practices in effect at the time the Cary Avenue crossing project was performed. Mr. Shrewsberry is familiar with all of the records at issue here and serves as a DOTD representative in highway - rail crossing litigation. His testimony has also been allowed for the same reason by the Second Circuit in a case similar to the one before us. *Ghrigsby v. Kansas City S. Ry. Co.*, 38,988 (La.App. 2 Cir. 10/29/04), 888 So.2d 961, *writ denied*, 04-2897 (La. 2/4/05), 893 So.2d 885. We find no error in the trial court's admission of this evidence.

Now we turn to the substance of Mr. Shrewsberry's testimony. As previously noted, plaintiffs argue that the lack of a federal aid construction number, as testified to by Mr. Serna, demonstrates a lack of federal funding and approval. Mr. Shrewsberry's testimony, however, corroborates Mr. Serna's testimony that federal funds were used and explains why no federal aid construction project number was

6

assigned. He explained that the Louisiana Highway Safety Commission applied for and received federal funds in the late 1970's and early 1980's in an attempt to comply with the Federal Highway Safety Act. These funds were used to improve off system crossings by, among other things, installing crossbucks and advance warning signs. The funds were given to the DOTD to use on statewide projects, including the Cary Avenue crossing. Documentary evidence consisting of memoranda regarding contracts for services unequivocally shows that federal funds in the amount of $314,000.00 were used on projects in Louisiana including the Cary Avenue crossing project. Accordingly, we find no error in the trial court's determination that federal funds were expended on the crossing at issue here.

Next, we turn our attention to the issue of approval. We have already discussed Mr. Serna's testimony regarding his inspection of the Cary Avenue crossing while employed by the FHWA. This fact alone is indicative of approval because he performed the inspection in his capacity as a FHWA representative. Furthermore, the United States Fifth Circuit Court of Appeals held that use of federal funds on such a project is tantamount to federal approval. *Hester v. CSX Transp., Inc.*, 61 F.3d 382 (5th Cir. 1985), *cert. denied* 516 U.S. 1093, 116 S.Ct. 815 (1996). In *Hester*, the court stated that:

> [t]he fact that federal funds participate in the installation of the warning devices legally presupposed that the Secretary approved and authorized the expenditure, which in turn legally presupposes that the Secretary determined that the safety devices installed were adequate to their task.

*Id*. at 387. Based upon the above evidence and jurisprudence, we find no error in the trial court's finding that the Cary Avenue crossing project was federally approved.

7

Finally, at oral argument, plaintiffs' counsel presented the court with an unreported appellate decision from Texas. Plaintiffs argued that we, like the court in *Missouri Pac. R.R. Co. v. Limmer*, 2005 WL 3159069 (Tex.App.-House (14Dist.)), should find that preemption has not been established. Plaintiffs are correct in their assertion that the evidence presented by Union Pacific here and in *Limmer* is arguably analogous. A paramount difference between the two cases, however, is the ruling of the district judges in the respective cases. The trial judge in *Limmer* found that preemption was not established. The appellate court, applying a manifest error standard of review, found insufficient evidence to overcome the deference given to the trial judge's ruling. In the case *sub judice*, the trial judge found that preemption was established. Applying essentially the same standard of review as the Texas court, we likewise cannot overturn the trial court's ruling based upon the record before us. Based upon the totality of the evidence, we see no manifest error in the trial court's ruling. This assignment lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO**

In this assignment*,* plaintiffs argue that the trial court's granting of an evidentiary hearing deprived them of their right to trial by jury. In brief, plaintiffs purportedly quote *Rushing v. KCS*, 61 F.3d 382 (5th Cir. 1999) in support of their argument. The case located at 61 F.3d 382, however, is entitled *Hester v. CSX Transp., Inc.* and does not contain the language quoted by plaintiffs. Furthermore, a case entitled *Rushing v. KCS* can be found at 185 F.3d 496 but it, likewise, does not contain the language quoted by plaintiffs.

Plaintiffs also point again to *Missouri Pac. R.R. Co. v. Limmer*, 2005 WL 3159069 (Tex.App.-House (14Dist.)) in support of their argument. The contend that,

unlike the plaintiff in that case, they did not waive their right to trial by jury. Because there was no such waiver, plaintiffs argue that their right to trial by jury was denied. We disagree. Trial judges have vast discretion in considering evidentiary motions. Specifically, this same approach to resolving the preemption issue presented herein has found support in courts of this state. *Duncan v. Kansas City S.*, 00-0066 (La. 10/30/00), 773 So.2d 670, *cert. denied*, 532 U.S. 992, 121 S.Ct. 1651 (2001); *Furlough v. Union Pac. R.R. Co.*, 33658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, *writ denied*, 00-2929 (La. 1/12/01), 781 So.2d 556. We find that the trial court did not abuse this discretion in entertaining Union Pacific's motion. This assignment lacks merit.

**ASSIGNMENT OF ERROR NUMBER THREE**

In this assignment, plaintiffs argue that documents relied upon by Union Pacific in support of its motion are privileged pursuant to 23 U.S.C.A. § 409, therefore, should not have been considered by the trial court. Plaintiffs have previously argued this point twice to the trial court and once to this court. In each case the argument was rejected and we do so again.

The above referenced statute, 23 U.S.C.A. § 409, provides, in pertinent part, that:

> Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying evaluating, or planning the safety enhancement of ... railway-highway crossings, ... or for the purpose of developing any highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceedings or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

The trial court, in rejecting plaintiffs' argument on this point for a second time noted that:

> For the purposes of this hearing that the cases have - - whether they say it or - - or not, they have, in - - in effect, created an exception dealing with the *Shanklin* defense and - - otherwise, there - - there would be no need for this hearing today or the Court would not have authorize - - or the Court of Appeal would not have authorized the hearing either or agreed with this Court authorizing a hearing.
>
> So for the purposes - - or for the limited purpose of establishing the use of federal funds, I think there is an exception and - - and the Court would allow testimony and - - and other evidence concerning that only, and that would be the limited sole cause of the testimony and hearing today.

As noted by the trial court, this interpretation of 23 U.S.C.A. § 409 is indeed supported by jurisprudence. Notably, the United States Court of Appeals for the Sixth Circuit rejected the same argument in its decision in *Shanklin v. Norfolk S. Ry. Co.*, 173 F.3d 386 (6th Cir. 1999), *reversed on other grounds* 529 U.S. 344 (2000). Furthermore, we previously rejected the same argument in this case stating that:

> In the present case, it appears that the documents were compiled and used by Union Pacific to show compliance with 23 C.F.R. §§ 646.214(b)(3) and (4). Thus, we cannot say that the trial court improperly allowed Union Pacific to use the documents to support its summary judgment motion.

We see no reason to change our decision regarding this argument. There have been no statutory or jurisprudential developments mandating such a decision. This assignment lacks merit.

**ASSIGNMENT OF ERROR NUMBER FOUR**

In this assignment, plaintiffs first argue that the trial court erred by excluding the testimony of Richard Gumtau, a regional FHWA official. Mr. Gumtau was called to testify regarding the applicability of pertinent federal regulations. By proffer, Mr.

Gumtau testified that the preemption provided for in 23 C.F.R. § 646.214 is not applicable to 23 U.S.C.A. § 402 grant projects. The trial court determined that Mr. Gumtau's testimony constituted the rendition of a legal opinion. As such, his testimony was deemed improper and excluded.

A trial court's decision regarding the admission of evidence cannot be overturned absent an abuse of discretion. *McIntosh v. McElveen*, 04-1041 (La.App. 3 Cir. 2/2/05), 893 So.2d 986, *writ denied*, 00-528 (La. 4/29/05), 901 So.2d 1069. After reviewing Mr. Gumtau's proffered testimony, we find no abuse of discretion in the trial court's determination. We agree with the trial court that Mr. Gumtau was asked to render a legal opinion regarding the applicability of certain federal regulations and the legislative intent behind those regulations. Furthermore, Mr. Gumtau's testimony is not supported by statute or jurisprudence.

Plaintiffs attempt to give credence to Mr. Gumtau's proffered testimony by arguing that 23 C.F.R. § 646.214 does not apply to grant funds. They contend that preemption only applies to federal-aid construction projects and that federal-aid construction projects are assigned federal-aid project numbers. The lack of a federal-aid project number in this case, plaintiffs argue, is significant for two reasons. First, it demonstrates that 23 U.S.C.A. 402 grant funds were used on the project at issue here. According to plaintiffs, this fact is vital because the absence of the regulatory safeguards in 23 U.S.C.A. § 402 that are present in 23 C.F.R. § 646.214 indicate that grant funds do not trigger preemption under 23 C.F.R. § 646.214. In other words, if preemption under 23 C.F.R. § 646.214 was applicable to projects funded with 23 U.S.C.A. § 402 grant funds, 23 U.S.C.A. § 402 would contain the same safeguards as 23 C.F.R. § 646.214. We disagree.

11

First and foremost, 23 U.S.C.A. § 402 deals with highway safety programs, not railroad crossing projects. Railroad crossing projects are simply not mentioned whatsoever anywhere in the statute. Additionally, the language used throughout 23 C.F.R. § 646 does not support plaintiffs' argument. For example, 23 C.F.R. § 646.200 provides that:

> (a) The purpose of this subpart is to prescribe policies and procedures for advancing Federal-aid projects involving railroad facilities.

> (b) This subpart, and all references hereinafter made to projects, applies to Federal-aid projects involving railroad facilities, including projects for the elimination of hazards of railroad-highway crossings, and other projects which use railroad properties or which involve adjustments required by highway construction to either railroad facilities or facilities that are jointly owned or used by railroad and utility companies.

Furthermore, 23 C.F.R. § 646.206 provides, in pertinent part, that:

> (a) Projects for the elimination of hazards, to both vehicles and pedestrians, of railroad-highway crossings may include but are not limited to:

> (1) Grade crossing elimination;

> (2) Reconstruction of existing grade separations; and

> (3) Grade crossing improvements.

Finally, 23 C.F.R. § 646.208 provides, in pertinent part, that:

> (a) Railroad/highway crossing projects may be funded through the Federal-aid funding source appropriate for the involved project.

An examination of these provisions indicates that they are not limited to federal-aid *construction* projects. No such language exists. Moreover, we have been unable to find one reported case that limited application of 23 C.F.R. § 646.214 in this manner.

12

Rather, the jurisprudence merely requires federal funding. *See CSX Transp., Inc. v. Easterwood*, 113 S.Ct. 1732 (1993) and *Norfold S. Ry. Co. v. Shanklin*, 120 S.Ct. 1467 (1999)(referencing participation of federal funds). *See also Nye v. CSX Transp., Inc.*, 300 F.Supp.2d 529 (N.D. Ohio 2004)(holding that the source of federal funding is irrelevant). This assignment lacks merit.

**CONCLUSION**

The judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiffs.

**AFFIRMED.**