STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-493


ERNEST R. GREMILLION, JR., ET AL.

VERSUS

KANSAS CITY SOUTHERN RAILWAY
COMPANY, ET AL.


**********


ON WRIT OF REVIEW FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-5970-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

AS REMANDED BY THE SUPREME COURT OF LOUISIANA

**********
**MARC T. AMY**
**JUDGE**
**********


Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

WRIT GRANTED. REMANDED.


Patrick A. Talley, Jr.
1100 Poydras, 3600 Energy Centre
New Orleans, LA 70163-3600
(504) 599-8000
COUNSEL FOR:
    Association of American Railroads, Amicus Curiae

Louis P. Warchot
Daniel Saphire
50 F Street, N.W.
Washington, DC 20001
COUNSEL FOR:
    Association of American Railroads, Amicus Curiae

**Charles C. Foti, Jr.**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA   70804**
**(225) 326-6000**
**COUNSEL FOR:**
**State of Louisiana, through the**
**Department of Transportation and Development**

**Judith M. Williams**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Division of Risk Litigation**
**Post Office Box 1710**
**Alexandria,   LA 71309**
**(318) 487-5944**
**COUNSEL FOR:**
**State of Louisiana, through the**
**Department of Transportation and Development**

**Elizabeth S. Hardy**
**Thomas & Hardy**
**2380 Lake Street**
**Lake Charles,   LA 70601**
**(337) 433-4903**
**COUNSEL FOR:**
**Ernest R. Gremillion, Jr.**
**Duane A. Gremillion**
**Jacqueline Gremillion Lambert**
**Louis M. Gremillion**

**Robert A. Johnson**
**Post Office Box 468**
**Marksville,   LA 71351**
**(318) 253-0935**
**COUNSEL FOR:**
**Louis M. Gremillion**
**Ernest R. Gremillion, Jr.**
**Duane A. Gremillion**
**Jacqueline Gremillion Lambert**

**Shelly D. Dick**
**Forrester, Jordan & Dick**
**7809 Jefferson Highway, Building G**
**Baton Rouge,   LA 70809**
**(225) 928-5400**
**COUNSEL FOR:**
**Kansas City Southern Railway Co.**

**Kevin M. Dills**
**Davidson, Meaux, Sonnier & McElligott**
**Post Office Drawer 2908**
**Lafayette, LA 70502**
**(337) 237-1660**
**COUNSEL FOR:**
    **BNSF Railway Company, Amicus Curiae**
    **Union Pacific Railroad Company, Amicus Curiae**

AMY, Judge.

The State filed an application for supervisory writs with this court after the trial court rescinded a protective order originally imposed pursuant to 23 U.S.C. § 409. The trial court explained that it was rescinding the protective order due to this court's ruling in *Hargrove v. Missouri Pacific Railroad Co.*, 05-723 (La.App. 3 Cir. 1/18/06), 925 So.2d 25. This court granted the State's application and reinstated the protective order. The Louisiana Supreme Court granted Kansas City Southern Railway's writ application and remanded the matter to this court for briefing, argument, and full opinion in light of *Hargrove*, 925 So.2d 25, and *Hargrove v. Missouri Pacific Railroad Co.*, 03-818 (La.App. 3 Cir. 12/17/03), 861 So.2d 903, *writ denied*, 04-0187 (La. 3/26/04), 871 So.2d 349. After consideration, we again grant the State's application, reinstate the protective order, and remand with instructions.

**Factual and Procedural Background**

This writ application involves a protective order issued in a case stemming from an automobile/train collision at a railroad crossing in Simmesport, Louisiana which resulted in the death of Barbara Gremillion. In January 2004, Mrs. Gremillion's family filed suit against Kansas City Southern Railway Company (KCS) and the State of Louisiana, Department of Transportation and Development for allegedly breaching their duties to maintain and provide adequate warning at the crossing.

In response to KCS's motion to compel discovery, the State filed a motion for protective order and argued that the documents sought were protected by 23 U.S.C. § 409. The trial court granted the motion for protective order and denied KCS's motion to compel discovery. Thereafter, KCS filed a motion to reconsider the protective order. It argued that this court's decision in *Hargrove*, 925 So.2d 25,

rendered in January 2006, recognized a jurisprudential exception to the protection of 23 U.S.C. § 409. KCS argued that *Hargrove* permitted the production of the State's documents insofar as they pertain to the question of whether federal funds were used. The trial court granted the motion and rescinded the previously entered protective order. The trial court also granted KCS's motion to compel and ordered that the State produce all files and/or documents pertaining to the site and stating that the production was "for the express and limited purpose of determining whether or not federal funds participated in the installation of advanced warnings" at the crossing. The trial court further ordered that the documents be stamped as privileged and that the originals and all copies of the documents be returned to the State.

The State filed an application for supervisory writs with this court. This court granted the writ application and reinstated the protective order as follows:

> **WRIT GRANTED AND MADE PEREMPTORY.**
> We find the trial court erred in rescinding its prior protective order. In the case at bar, the trial court lifted a protective order previously issued by the trial court pursuant to 23 U.S.C. § 409. The trial court so ruled based on the erroneous contention advanced in a motion for reconsideration filed on behalf of the respondent, Kansas City Southern Railway Company, that this court's decision in *Hargrove v. Missouri Pacific Railroad Co.*, 05-723 (La.App. 3 Cir. 1/18/06), [925] So.2d [25], recognized an exception for the limited purpose of determining whether federal funds were used. Therefore, we hereby reverse the ruling of the trial court rescinding the protective order in favor of defendant, State of Louisiana through the Department of Transportation and Development and reinstate the previously entered protective order.

*See Gremillion v. Kansas City So. Ry. Co.*, an unpublished writ rendered May 1, 2006 and bearing the docket number 06-493.

The Louisiana Supreme Court granted KCS's writ application and remanded the matter to this court as follows:

> Granted and remanded to the court of appeal for briefing, argument and full opinion. In its opinion, the Court is specifically directed to address

its prior decision in Hargrove v. Missouri Pacific Railroad Co., 03-0818 (La. App. 3 Cir. 12/17/03), 861 So.2d 903, writ denied, 04-0187 (La. 3/26/04), 870 So.2d 349, and Hargrove v. Missouri Pacific Railroad Co., 05-0723 (La. App. 3 Cir. 1/18/06), 925 So.2d 25.

See Gremillion v. Kansas City So. Ry. Co., 06-1289 (La. 9/15/06), 937 So.2d 372.

## Discussion

This case presents the question of whether an exception regarding federal funding exists to the privilege afforded by 23 U.S.C. § 409, which provides:

**§ 409.        Discovery and admission as evidence of certain reports and surveys**

Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

Thus, as relevant to railway crossings, the supreme court has explained that the privilege/protection of § 409 applies to:

(1)     reports, surveys, schedules, lists or data,

(2)     compiled or collected,

(3)     for the purpose of identifying, evaluating, or planning the safety enhancement of . . . railway-highway crossings,

(4)     pursuant to 23 U.S.C. § 130.

Palacios v. Louisiana Delta R.R, Inc., 98-2932, p. 8 (La. 7/2/99), 740 So.2d 95, 99 (footnote omitted). The supreme court has further explained that the purpose of § 409 is to "[f]oster the free flow of safety-related information by precluding the possibility that such information later would be admissible in civil suits. The interest to be

3

served by such legislation is to obtain information with regard to the safety of roadways free from the fear of future tort actions." *Reichert v. State, Dep't of Transp. and Dev.*, 96-1419, p. 4 (La. 5/20/97), 694 So.2d 193, 197 (quoting *Perkins v. Ohio Dep't of Transp.*, 65 Ohio App.3d 487, 584 N.E.2d 794 (1989)).

In *Long v. State ex rel. Department of Transportation and Development*, 04-0485 (La. 6/29/05), 916 So.2d 87, the supreme court addressed the question of whether § 409 precludes the admission of correspondence between the state and a municipality regarding proposed railway upgrades. While the court concluded that the correspondence in that case was protected by the § 409 privilege, it cautioned that:

> [A]ll letters in the file of the DOTD are not protected by virtue of being in its possession. Rather the purpose of the document, no matter in whose possession, must relate to purposes as defined in 23 U.S.C. §§ 130, 144 or 152. [*Pierce County v. Guillen*, 537 U.S. 129, 123 S.Ct. 720 (2003).] The privilege afforded to state agencies in § 409 and the documents at issue must not be viewed in a vacuum; rather, inquiry should be directed toward the purpose for which the documents are created.

*Id.* at 100. The issue of federal funding as it relates to pre-emption of state tort law causes of action was not specifically addressed in *Long*.

However, the cautious approach to § 409 expressed above was followed in this court's two opinions in *Hargrove* insofar as the purpose behind the collection of the documents sought was considered. When this court first considered *Hargrove*, 861 So.2d 903 (hereinafter *Hargrove I*), the panel evaluated whether the documents were subject to the § 409 privilege. The panel found that the documents were not *compiled or collected for safety enhancement purposes*, as is required by § 409 and the factors enunciated by the supreme court in *Palacios*, 740 So.2d 95. Rather, the documents were compiled to show compliance with 23 C.F.R. §§ 646.214(b)(3) and (4). These

4

regulations were promulgated under 23 U.S.C. § 130 and address the adequacy of warning devices installed using federal funds and, accordingly, relate to whether state law tort law claims are pre-empted. *See Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344, 120 S.Ct. 1467 (2000). As the documents were compiled for purposes outside the scope of § 409, they were not subject to its privilege. The matter was remanded for further proceedings.

When *Hargrove I* was remanded, the railroad filed a motion asserting that federal funds had been used at the crossing and, thus, the plaintiffs' state tort law claims were pre-empted. The trial court granted the motion, finding the claims pre-empted. The matter returned to this court in 2006, after the plaintiffs appealed the determination. *See Hargrove*, 925 So.2d 25 (hereinafter *Hargrove II*). In one of their assignments of error, the plaintiffs asserted that the documents submitted by the railroad in support of its pre-emption argument were privileged under § 409 and, thus, should not have been considered by the trial court. *Id.* This court again confirmed that the documents were not subject to the § 409 privilege and noted that it had previously rejected the argument due to the collection of the documents for purposes of demonstrating pre-emption. *Id.*

Confusion arose in the present case due to *Hargrove II*'s inclusion of language from the trial court which contained a reference to a § 409 "exception." Neither *Hargrove* opinion from this court, nor the case cited therein*, see Shanklin v. Norfolk S. Ry. Co.*, 173 F.3d 386 (6th Cir. 1999), *reversed on other grounds*, 529 U.S. 344, 120 S.Ct. 1467 (2000), created an *exception* to § 409. Rather, both *Hargrove* opinions found the § 409 privilege *inapplicable* insofar as the party seeking protection failed to demonstrate that the requisites of the section were met. In short,

5

*Hargrove I* and *Hargrove II* held that the documents at issue in that case were not compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of the railway-highway crossing. Thus, through application of the wording of § 409, the section was inapplicable, and the documents were not privileged. We do not revisit the merits of either *Hargrove* opinion insofar as they addressed the individual documents at issue in that case.

With this background in mind, we return to the present case. After the release of *Hargrove II*, KCS filed for reconsideration of the trial court's earlier determination that the materials at issue were subject to the § 409 privilege. The trial court granted the motion for reconsideration, finding that *Hargrove II*, recognized an "exception" to the § 409 privilege. Thus, the trial court rescinded the previously entered protective order. In this regard, and for the reasons expressed above, the trial court erred. Again, and despite language in *Hargrove II* that apparently led the trial court to reverse its previous ruling, there is no exception to § 409 pertaining to the funding issue. We again grant the writ application wherein the trial court lifted its protective order.

However, given the contents of the writ application, we are unable to resolve the question of whether the trial court was correct in its *original* determination that § 409 was applicable to the documents. This issue of the original ruling was not squarely presented to this court in either the initial writ application or in the filings on remand. Rather, the application and opposition were focused on the question of the trial court's *reconsideration* of the previously entered protective order. As the writ application does not offer the documents sought, nor is the review process originally employed by the trial court apparent, we are unable to determine whether

6

§ 409 is applicable to the documents. Accordingly, we remand this matter and instruct the trial court to conduct a hearing and inspection of the documents sought by KCS. Should it determine that, consistent with its initial ruling, the documents satisfy the requirements of § 409, the protective order should be maintained. However, if the trial court examines the documents and determines that the documents were compiled for purposes outside of the scope of § 409, the protective order should be revoked for this limited purpose.

### DECREE

For the foregoing reasons, the writ application is granted. Costs of this proceeding are assessed to the respondent, Kansas City Southern Railway Company. The matter is remanded to the trial court for further proceedings consistent with the instructions contained herein.

**WRIT GRANTED. REMANDED.**